Bruce N. Furukawa (SBN 157303)
bruce@furukawacastles.com
Brent F. Basilico (SBN 197159)
brent@furukawacastles.com
FURUKAWA CASTLES LLP
800 Airport Blvd., Ste 504
Burlingame, CA 94010
Telephone: (415) 510-2222
Facsimile: (415) 510-2240

Attorneys for Defendant and Counter-Plaintiff
THEODORE FREDERICK LEE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| E.O.C. ORD, Inc., A California Professional Law Corporation, dba ORD & NORMAN, | Case No.: 3:19-cv-02322-RS |
|---|---|
| Plaintiff, | **STIPULATION AND ORDER FOR LEAVE OF COURT TO FILE THE THIRD *AMENDED* ANSWER OF DEFENDANT THEODORE FREDERICK LEE TO THE COMPLAINT OF PLAINTIFF E.O.C. ORD, INC., DBA ORD & NORMAN; DEFENDANT THEODORE FREDERICK LEE'S COUNTERCLAIMS TO PLAINTIFF E.O.C. ORD, INC., DBA ORD & NORMAN'S, COMPLAINT; AND DEFENDANT THEODORE FREDERICK LEE'S DEMAND FOR COURT TRIAL; AND TO TAKE PLAINTIFF E.O.C. ORD, INC., DBA ORD & NORMAN'S MOTION TO STRIKE OFF-CALENDAR** |
| v. | |
| THEODORE FREDERICK LEE, an individual; and DOES 1-10, inclusive | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURUKAWACASTLES.COM

1    WHEREAS, on or about May 21, 2020, Defendant and Counter-Plaintiff Theodore

2    Frederick Lee, an individual ("LEE" or "DEFENDANT"), served his Second *Amended* Answer to

3    the Complaint filed by Plaintiff and Counter-Defendant E.O.C. ORD, Inc., dba Ord & Norman

4    ("O&N" or "PLAINTIFF"), LEE's Counterclaims to O&N's Complaint, and LEE's demand for

5    court trial (collectively "LEE's Second *Amended* Pleading");

6    　　　WHEREAS, on or about June 10, 2020, O&N served and filed its motion to strike

7    exemplary damages from LEE's Second *Amended* Pleading, and said motion is set for hearing on

8    July 23, 2020 ("O&N's MTS"); and,

9    　　　WHEREAS, counsel for LEE and O&N have *meet and conferred* and agreed that O&N

10    will take O&N's MTS off calendar; LEE will serve and file his Third *Amended* Answer to O&N's

11    Complaint, LEE's Counterclaims to O&N's Complaint, and LEE's demand for court trial which is

12    attached hereto as Exhibit A (collectively "LEE's Third *Amended* Pleading"); and that this

13    stipulation and the Court's order will not prohibit O&N from challenging LEE's Third *Amended*

14    Pleading via a motion to strike or demurrer.

15    　　　THEREFORE, LEE and O&N, through their respective counsel, stipulate and agree as set

16    forth below.

17    　　　1.  O&N's MTS will be taken off calendar.

18    　　　2.  LEE will serve and file LEE's Third *Amended* Pleading.

19    　　　3.  O&N will serve and file a response to LEE's Third *Amended* Pleading within the time

20    　　　　　allowed by Federal Rules of Civil Procedure, Rule 12.

21    　　　4.  This stipulation and the Court's corresponding order will not be interpreted to prohibit

22    　　　　　O&N from challenging LEE's Third *Amended* Pleading via a motion to strike or

23    　　　　　demurrer.

24    THEREFORE, IT IS HEREBY ORDERED THAT:

25    　　　1.  O&N's MTS will be taken off calendar.

26    　　　2.  Leave of court is granted to allow LEE to serve and file LEE's Third *Amended*

27    　　　　　Pleading.

28    ///

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURUKAWACASTLES.COM

3.  O&N will serve and file a response to LEE's Third *Amended* Pleading within the time allowed by Federal Rules of Civil Procedure, Rule 12.

4.  The stipulation and this Order shall not prohibit O&N from challenging LEE's Third *Amended* Pleading via a motion to strike or demurrer.

SO STIPULATED:

Dated: June 24, 2020                    WEBB & ORD


                                        By: /s/ Eric L. Webb
                                            ERIC L. WEBB
                                            ELEANOR M. ORD
                                            Attorneys for Plaintiff and Counter-Defendant
                                            E.O.C. ORD, INC., dba ORD & NORMAN


Dated: June 24, 2020                    FURUKAWA CASTLES LLP


                                        By: /s/ Brent F. Basilico
                                            BRUCE N. FURUKAWA
                                            BRENT F. BASILICO
                                            Attorneys for Attorneys for Defendant and
                                            Counter-Plaintiff
                                            THEODORE FREDERICK LEE


SO ORDERED:


Dated:    6/24/2020

                                        Judge of the United States District Court
                                        Northern District of California

-3-
STIPULATION AND ORDER FOR LEAVE OF COURT TO FILE THE THIRD *AMENDED* ANSWER
Case No.: 3:19-cv-02322-RS

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURUKAWACASTLES.COM

EXHIBIT A

1   Bruce N. Furukawa (SBN 157303)
    bruce@furukawacastles.com
2   Brent F. Basilico (SBN 197159)
    brent@furukawacastles.com
3   FURUKAWA CASTLES LLP
    800 Airport Blvd., Ste 504
4   Burlingame, CA 94010
    Telephone: (415) 510-2222
5   Facsimile: (415) 510-2240

6

7   Attorneys for Defendant and Counter-Plaintiff
    THEODORE FREDERICK LEE

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  E.O.C. ORD, Inc., A California Professional       **Case No.: 3:19-cv-02322-RS**
    Law Corporation, dba ORD & NORMAN,

13                  Plaintiff,                        **THIRD *AMENDED* ANSWER OF**
                                                      **DEFENDANT THEODORE FREDERICK**
14  v.                                                **LEE TO THE COMPLAINT OF**
                                                      **PLAINTIFF E.O.C. ORD, INC., DBA**
15  THEODORE FREDERICK LEE, an                        **ORD & NORMAN; DEFENDANT**
    individual; and DOES 1-10, inclusive             **THEODORE FREDERICK LEE'S**
16                                                    **COUNTERCLAIMS TO PLAINTIFF**
                    Defendants.                       **E.O.C. ORD, INC., DBA ORD &**
17                                                    **NORMAN'S, COMPLAINT; AND**
                                                      **DEFENDANT THEODORE FREDERICK**
18  _____                 **LEE'S DEMAND FOR COURT TRIAL**

19  AND RELATED COUNTERCLAIMS.

20

21                          __ANSWER__

22      Defendant and Counter-Plaintiff Theodore Frederick Lee, an individual ("LEE" or

23  "DEFENDANT"), hereby answers the Complaint filed by Plaintiff and Counter-Defendant E.O.C.

24  ORD, Inc., dba Ord & Norman ("O&N" or "PLAINTIFF"), with the above captioned Court on or

25  about April 29, 2019 (the "COMPLAINT"), as set forth below.

26  ///

27  ///

28
                                        -1-

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURUKAWACASTLES.COM

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURULAW.COM

## PRELIMINARY STATEMENT

LEE has not completed his investigation of the facts giving rise to the COMPLAINT. LEE answers without prejudice to his right to amend his Answer prior to, or at the time of trial or otherwise and use any existing and/or additional information his may obtain as a result of the investigation and/or discovery.  No affirmative defense alleged herein constitutes an admission or concession that LEE bears the burden of proof on any issue, and LEE fully reserves his right to require O&N to prove each and every element of each cause of action alleged in the COMPLAINT.

## PARTIES

1.     In response to Paragraph 1 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

2.     In response to Paragraph 2 of the COMPLAINT, LEE admits that he is an individual residing in and doing business in Hong Kong, S.A.R., the People's Republic of China.

3.     In response to Paragraph 3 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

## AGENCY

4.     In response to Paragraph 4 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

## VICARIOUS LIABILITY

5.     In response to Paragraph 5 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

## JURISDICTION

6.     In response to Paragraph 6 of the COMPLAINT, LEE admits that the amount in controversy exceeds $75,000 and admits that he is an individual and a citizen of Hong Kong, the People's Republic of China. Except as so admitted, LEE denies each and every allegation contained in said paragraph on the basis of lack of information and belief.

///

-2-

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S
DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

1

**VENUE**

2    7.    In response to Paragraph 7 of the COMPLAINT, LEE lacks information and belief to

3    respond to O&N's allegations and, on that basis, denies every allegation therein.

4

**COMMON ALLEGATIONS**

5    8.    In response to Paragraph 8 of the COMPLAINT, LEE admits that PLAINTIFF is a

6    provider of legal services.

7    9.    In response to Paragraph 9 of the COMPLAINT, LEE admits that PLAINTIFF and LEE

8    entered into a series of legal representation and engagement agreements wherein O&N would

9    provide legal services to LEE in connection with multiple legal matters.  Except as so admitted,

10   LEE denies each and every allegation contained in said paragraph on the basis of lack of

11   information and belief.

12   10.    In response to Paragraph 10 of the COMPLAINT, LEE admits that he agreed to pay

13   PLAINTIFF for providing reasonable, necessary, and authorized legal services in connection with

14   multiple legal matters.  Except as so admitted, LEE denies each and every allegation contained in

15   said paragraph on the basis of lack of information and belief.

16   11.    In response to Paragraph 11 of the COMPLAINT, LEE denies each and every allegation

17   therein.

18   12.    In response to Paragraph 12 of the COMPLAINT, LEE admits that he made payments on

19   certain invoices issued by O&N.  Except as so admitted, LEE denies each and every allegation

20   contained in said paragraph on the basis of lack of information and belief.

21   13.    In response to Paragraph 13 of the COMPLAINT, LEE admits that he received certain

22   invoices from O&N into early 2018.

23   14.    In response to Paragraph 14 of the COMPLAINT, LEE admits that O&N alleged that

24   amounts were due under certain invoices.  Except as so admitted, LEE denies each and every

25   allegation contained in said paragraph on the basis of lack of information and belief.

26   15.    In response to Paragraph 15 of the COMPLAINT, LEE denies each and every allegation

27   contained in said paragraph on the basis of lack of information and belief.

28

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2322
WWW.FURULAW.COM

16.     In response to Paragraph 16 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

17.     In response to Paragraph 17 of the COMPLAINT, LEE admits that in November 2018 O&N sent correspondence to LEE regarding his right to compel fee arbitration and that LEE did not demand fee arbitration.  Except as so admitted, LEE denies each and every allegation contained in said paragraph on the basis of lack of information and belief.

18.     In response to Paragraph 18 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

19.     In response to Paragraph 19 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

## FIRST CAUSE OF ACTION

20.     LEE incorporates by reference his responses to Paragraphs 1 through 19, inclusive, of the COMPLAINT as if fully set forth herein.

21.     In response to Paragraph 21 of the COMPLAINT, LEE admits that PLAINTIFF and LEE entered into a series of legal representation and engagement agreements wherein O&N would provide legal services to LEE in connection with multiple legal matters.  Except as so admitted, LEE denies each and every allegation contained in said paragraph on the basis of lack of information and belief.

22.     In response to Paragraph 22 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

23.     In response to Paragraph 23 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

24.     In response to Paragraph 24 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

## SECOND CAUSE OF ACTION

25.     LEE incorporates by reference his responses to Paragraphs 1 through 24, inclusive, of the COMPLAINT as if fully set forth herein.

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME, CA. 94010
415-510-2222
WWW.FUBULAW.COM

-4-

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

26.      In response to Paragraph 26 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

27.      In response to Paragraph 27 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

28.      In response to Paragraph 28 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

29.      In response to Paragraph 29 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

30.      In response to Paragraph 30 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

### THIRD CAUSE OF ACTION

31.    LEE incorporates by reference his responses to Paragraphs 1 through 30, inclusive, of the COMPLAINT as if fully set forth herein.

32.      In response to Paragraph 32 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

33.      In response to Paragraph 33 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

### FOURTH CAUSE OF ACTION

34.      LEE incorporates by reference his responses to Paragraphs 1 through 33, inclusive, of the COMPLAINT as if fully set forth herein.

35.      In response to Paragraph 35 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

36.      In response to Paragraph 36 of the COMPLAINT, LEE lacks information and belief to respond to O&N's allegations and, on that basis, denies every allegation therein.

### ANSWER TO ALLEGATIONS REGARDING PRAYER FOR RELIEF

37.      Prayer, Paragraph 1.  LEE denies each and every allegation and assertion made by PLAINTIFF in his prayer for relief in support of the suggested relief.

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURULAW.COM

-5-

38.     Prayer, Paragraph 2.  LEE denies each and every allegation and assertion made by PLAINTIFF in his prayer for relief in support of the suggested relief.

39.     Prayer, Paragraph 3.  LEE denies each and every allegation and assertion made by PLAINTIFF in his prayer for relief in support of the suggested relief.

40.     Prayer, Paragraph 4.  LEE denies each and every allegation and assertion made by PLAINTIFF in his prayer for relief in support of the suggested relief.

41.     Prayer, Paragraph 5.  LEE denies each and every allegation and assertion made by PLAINTIFF in his prayer for relief in support of the suggested relief.

42.     Prayer, Paragraph 6.  LEE denies each and every allegation and assertion made by PLAINTIFF in his prayer for relief in support of the suggested relief.

**AFFIRMATIVE DEFENSES**

43.     By alleging the matters set forth below, LEE does not assume the burden of proof on any matter that would otherwise rest with O&N.  As separate affirmative defenses to each allegation in the COMPLAINT, LEE alleges as set for the below.  Throughout O&N's representation of LEE, Edward O.C. Ord ("ORD") was the primary and managing attorney for all of LEE's cases with O&N.  ORD is, and was at all times alleged herein, the president of O&N.  O&N is responsible and liable for the actions, inactions, representations, and misrepresentations made by ORD during the time that ORD was the president of O&N and/or an employee of O&N.

**First Affirmative Defense**

*(Estoppel)*

44.     O&N is barred by the doctrine of equitable estoppel from obtaining the relief it seeks because O&N made promises and assurances by its words and prior conduct that the amount of fees owed by LEE would be reduced from the amount alleged by O&N and LEE relied on O&N's promise.

///

///

///

FURUKAWA CASTLES LLP
800 AIRPORT BVLD., STE. 504
BURLINGAME CA 94010
415-510-0222
WWW.FURULAW.COM

-6-

1

**Second Affirmative Defense**

2

(*Unjust Enrichment*)

3   45.    The COMPLAINT against LEE is barred on the grounds that granting O&N the relief it

4   requests would enrich O&N at LEE's expense, without justification because the fees charged by

5   O&N are grossly disproportionate compared to the value of the work performed by O&N.

6

**Third Affirmative Defense**

7

(*Unconscionability*)

8   46.    The COMPLAINT against LEE is barred on the grounds that the contract is

9   unconscionable because the fees charged by O&N are grossly disproportionate compared to the

10  value of the work performed by O&N and because O&N had superior bargaining power because

11  of its experience and the nature of the work.

12

**Fourth Affirmative Defense**

13

(*Unclean Hands*)

14  47.    The COMPLAINT against Lee is barred on the grounds that O&N has unclean hands with

15  respect to the matters alleged in the COMPLAINT because O&N acted in bad faith by knowingly

16  charging fees to LEE that were grossly disproportionate to the value of the services performed by

17  O&N.

18

**Fifth Affirmative Defense**

19

(*Reservation of Rights*)

20  48.    LEE reserves the right to raise and assert additional defenses as may be established during

21  discovery and by the evidence in this case.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURULAW.COM

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S
DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FUBULAW.COM

**Sixth Affirmative Defense**

*(Statute of Limitations)*

49.    The COMPLAINT against LEE is barred by the statute of limitations.  LEE and O&N entered into a series of legal representation and engagement agreements wherein O&N would provide legal services to LEE in connection with multiple legal matters.  LEE did not make payment on certain invoices, because the work was unnecessary and not authorized, dating back as far as April 2014, and O&N knew that LEE did not make said payments.  O&N filed its COMPLAINT on April 29, 2019.

**Seventh Affirmative Defense**

*(Failure to Mitigate)*

50.    The COMPLAINT against LEE is barred because PLAINTIFF failed to mitigate its own damages which reasonable and prudent entities/persons in like circumstances would have done and that this failure was the proximate cause of and contributed to the damages of which PLAINTIFF complains, if and to the extent that such damages in fact occurred.  LEE did not make payments on certain invoices, because the work was not authorized and unnecessary, dating back as far as April 2014.  PLAINTIFF continued performing unnecessary and unauthorized work for multiple years even though payment from LEE was unlikely under the circumstances.

**Eighth Affirmative Defense**

*(Accord and Satisfaction)*

51.    The COMPLAINT against LEE is barred because LEE paid PLAINTIFF negotiated amounts to satisfy some of the amounts due and PLAINTIFF accepted said payments as payment in full.

///

///

///

///

///

-8-

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S
DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURULAW.COM

**Ninth Affirmative Defense**

(*Lack of Consideration*)

52.    The COMPLAINT against LEE is barred because of lack of consideration.  LEE and O&N entered into a series of legal representation and engagement agreements wherein O&N would provide legal services to LEE in connection with multiple legal matters.  PLAINTIFF performed legal services that were unnecessary, unauthorized, and excessive compared to the amount of money at stake.

**Tenth Affirmative Defense**

(*Setoff*)

53.    The COMPLAINT against LEE is barred because of the doctrine of Setoff.  LEE made substantial payments on certain invoices issued by PLAINTIFF.  Said payments should partially offset the total amount that PLAINTIFF seeks from LEE because some of the work performed by PLAINTIFF was unnecessary, unauthorized, and excessive.

**Eleventh Affirmative Defense**

(*Fraud*)

54.    The COMPLAINT against LEE is barred because of Fraud. O&N represented to LEE that if LEE obtained a court judgment declaring that certain income was a gift that LEE could use collateral estoppel to obtain a court judgment declaring that other similar income was a gift and therefore abate the additional tax and civil fraud penalties related to said similar income.  O&N knew that these representations were not true and made the representations to persuade LEE to enter into a contract(s) to retain O&N's services.  LEE reasonably relied on these representations due to his lack of legal knowledge and would not have entered into a contract with O&N, and/or would not have continued to have O&N pursue the matter, if LEE had known that O&N's representations were not true.

///

///

///

-9-

**Twelfth Affirmative Defense**

(*Business and Professions Code Section 6148*)

55.     The COMPLAINT against LEE is barred under Business and Professions Code Section 6148 because there are no written contracts between PLAINTIFF and LEE for work performed on several matters. It was reasonably foreseeable that the total expense to LEE, including attorney's fees and costs, for said matters would be over $1,000 and, therefore, written contracts were required. Since O&N failed to provide LEE with written contracts for said matters, LEE is entitled to void the agreements.

**COUNTERCLAIMS**

56.     Defendant and Counter-Plaintiff Theodore Frederick Lee ("LEE") counterclaims against Plaintiff and Counter-Defendant E.O.C. ORD, Inc., dba Ord & Norman ("O&N"), and ROES 1 through 100, inclusive as set forth below.

**PARTIES**

57.     LEE is an individual residing and doing business in Hong Kong, S.A.R., the People's Republic of China.

58.     Upon information and belief, O&N is a corporation incorporated under the laws of the State of California and has its principal place of business in the State of California.  Throughout O&N's representation of LEE, ORD was the primary and managing attorney for all of LEE's cases with O&N.  ORD is, and was at all times alleged herein, the president of O&N.  O&N is responsible and liable for the actions, inactions, representations, and misrepresentations made by ORD during the time that ORD was the president of O&N and/or an employee of O&N.

59.     LEE does not know the true names and capacities, whether individual, corporate or otherwise, of the counter-defendants sued herein as ROES 1 through 100, inclusive.  LEE therefore sues ROES 1 through 100, inclusive, by fictious names.  LEE will amend this counterclaim to reflect the ROE counter-defendants true names and identities when they have been ascertained.

///

-10-

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S
DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

FURUKAWA CASTLES LLP
800 AIRPORT BLVD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FUBULAW.COM

60.     LEE is informed and believes and, based thereon, alleges each of the ROES 1 through 100, inclusive, is responsible and at fault in some manner for the occurrences here alleged, and that LEE's damages, as herein alleged, were proximately caused by such counter-defendants, and each of them.

61.     LEE is informed and believes and, based thereon, alleges that at all times herein mentioned each of the ROES 1 through 100 was the agent, partners, co-developer, joint venture, alter ego, servant, and/or employee of the remaining cross-defendants, and were at all times herein mentioned acting within the course and scope of such agency and employment.

### JURISDICTIONAL STATEMENT

62.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2).  The amount in controversy exceeds $75,000, exclusive of interests and costs.  O&N is a citizen of California because it is a corporation incorporated in California with its principal place of business in the State of California.

63.     The above captioned Court has personal jurisdiction over O&N because it is a citizen of California.

64.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c).

### FIRST COUNTERCLAIM

### (Intentional Misrepresentation against O&N and ROES 1-100)

65.     LEE incorporates by reference paragraphs 56-64, inclusive, as though fully set forth herein.

66.     From 2004 through 2006, LEE received a series of payments from James Chen ("CHEN"), his former employer ("DISPUTED INCOME").  LEE did not report the DISPUTED INCOME as income in his 2004 and 2005 federal income tax returns because LEE believed the DISPUTED INCOME was a series of gifts. From approximately July 2007 to May 2010 the Internal Revenue Service ("IRS") audited LEE's 2000 through 2005, inclusive, federal income tax returns.

///

///

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FUBULAW.COM

-11-

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S
DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

67.    On or about July 6, 2007, LEE and O&N entered into an attorney-client fee agreement. In the July 6, 2007, attorney-client fee agreement, O&N agreed to represent LEE in the IRS' ongoing tax investigation of LEE, including, but not limited to, representing LEE in the IRS' audit of LEE's 2000 through 2005 federal income tax returns.

68.    Throughout O&N's representation of LEE, ORD was the primary and managing attorney for all of LEE's cases with O&N.

69.    ORD is, and was at all times alleged herein, president of O&N and/or an employee of O&N. O&N is responsible and liable for the actions, inactions, representations, and misrepresentations made by ORD during the time that ORD was the president of O&N and/or an employee of O&N.

70.    On or about April 10, 2010, LEE filed his 2006 federal income tax return. Pursuant to O&N's advice, communicated by ORD, LEE reported the 2006 payment from CHEN as income, paid the resulting taxes, but stated that he would seek a claim of refund.

71.    On or about June 29, 2010, LEE received a Notice of Deficiency from the IRS ("NOTICE OF DEFICIENCY"). The NOTICE OF DEFICIENCY stated that the 2004 and 2005 payments from CHEN were unreported income. The NOTICE OF DEFICIENCY stated that LEE owed $128,800 in additional taxes ("ADDITIONAL TAXES") and $96,660 in Civil Fraud Penalties pursuant to Internal Revenue Code Section 6633 ("CIVIL FRAUD PENALTIES") due to his failure to report the 2004 and 2005 payments from CHEN as income.

72.    On or about March 15, 2010 and July 2010, O&N, through ORD, orally by telephone, and in writing by email, told LEE that if LEE obtained a court judgment declaring that the 2006 payment from CHEN was a gift that LEE could use collateral estoppel to obtain a court judgement declaring that the 2004 and 2005 payments were gifts and abate the ADDITIONAL TAXES and CIVIL FRAUD PENALTIES. O&N, through ORD, told LEE that collateral estoppel would apply because the DISPUTED INCOME arose from a series of payments involving the same parties (LEE and CHEN), the same facts, and the same intent to give a gift. O&N did not tell LEE that

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2422
WWW.FUBULAW.COM

-12-

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S
DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

1   LEE would have to file for bankruptcy or pay the ADDITIONAL TAXES and CIVIL FRAUD

2   PENALTIES, and file a claim of refund for collateral estoppel to be applied.

3   73.     When O&N, through ORD, made these representations concerning the applicability of

4   collateral estoppel to the DISPUTED INCOME, O&N and ORD knew of the falsity of the

5   representations because the 2004 and 2005 payments from CHEN could not be brought within a

6   court's jurisdiction.  O&N knew that that the only way the 2004 and 2005 payments from CHEN

7   could be brought within a court's jurisdiction would be through either: (1) filing a timely petition

8   for redetermination in response to the NOTICE of DEFICIENCY; (2) filing for bankruptcy; or (3)

9   paying the ADDITIONAL TAXES and CIVIL FRAUD PENALTIES and filing a claim of refund.

10  74.     O&N and ORD knew that LEE had not filed a timely petition for redetermination

11  regarding the NOTICE OF DEFICIENCY pursuant to O&N's counsel, communicated by ORD.

12  O&N also knew that in July 2010 LEE had orally told ORD by telephone that LEE could not pay

13  the ADDITIONAL TAXES and CIVIL FRAUD PENALTIES in order to file a claim of refund

14  and was unwilling to file for bankruptcy. O&N therefore knew that it could not bring the 2004 and

15  2005 payments from CHEN within a court's jurisdiction and apply collateral estoppel to the

16  DISPUTED INCOME.

17  75.     O&N, through ORD, made the representations with the intent to induce LEE to retain

18  O&N to perform legal services because O&N, through ORD, told LEE that if LEE paid O&N to

19  file a legal action, LEE would be able to abate the ADDITIONAL TAXES and CIVIL FRAUD

20  PENALTIES through collateral estoppel without first paying the ADDITIONAL TAXES and

21  CIVIL FRAUD PENALTIES or filing for bankruptcy.

22  76.     On or about May 6, 2011, LEE and O&N entered into an attorney-client fee agreement.  In

23  the May 6, 2011 attorney-client fee agreement, O&N agreed to represent LEE in a refund claim

24  before the IRS regarding LEE's 2006 federal income tax return.  O&N also agreed to represent

25  LEE in a legal action in the United States District Courts if the refund claim was unsuccessful.

26  ///

27  ///

28

FURUKAWA CASTLES LLP
800 AIRPORT BLVD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURULAW.COM

-13-

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S
DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

77.    At the time that LEE entered into the May 6, 2011 attorney-client fee agreement, LEE was ignorant of the falsity of the representations concerning the applicability of collateral estoppel to the DISPUTED INCOME described above due to LEE's lack of legal knowledge, and believing them to be accurate, relied on these representations in deciding to retain and pay O&N to represent him in a legal action in the United States District Courts. Had LEE known that collateral estoppel could not be used the way that O&N, through ORD, claimed to abate the ADDITIONAL TAXES and CIVIL FRAUD PENALTIES, LEE would not have entered the May 6, 2011 attorney-client fee agreement and would not have continued to pay O&N for the work performed under the May 6, 2011 attorney-client fee agreement.

78.    On or about May 21, 2011, LEE filed a claim for refund with the Internal Revenue Service regarding LEE's 2006 Federal income tax return.

79.    On or about April 21, 2014, O&N, on LEE's behalf, initiated a tax refund action regarding LEE's 2006 Federal income tax return in the U.S. District Court, District of Nevada, i.e. Theodore Frederick Lee v. United States of America, Case No. 2:14-cv-00606-RCJ-PAL (the "REFUND ACTION").  The purpose of the REFUND ACTION was to obtain a court judgment declaring the 2006 payment from CHEN a gift.

80.    Prior to, and through the course of the REFUND ACTION, O&N, through ORD, continued to misrepresent to LEE, orally by telephone and in writing by email, that if the REFUND ACTION was successfully resolved in LEE's favor, the IRS' assessment of LEE's tax years 2004 and 2005 could be barred under collateral estoppel; however, O&N knew that this representation was false.  LEE is not a tax lawyer and did not become aware of O&N's misrepresentation until approximately March 2020 when LEE learned that the IRS' assessment of LEE's tax years 2004 and 2005 was final and could not be barred under collateral estoppel related to the REFUND ACTION.

81.    Lee paid O&N approximately $300,508.44 for O&N's work on the REFUND ACTION pursuant to the May 6, 2011 attorney-client fee agreement.

///

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

FURUKAWA CASTLES LLP
800 AIRPORT BLVD., STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURULAW.COM

82.     As a result of the intentional misrepresentations described above, LEE has been damaged in the sum of approximately $300,508.44.

## SECOND COUNTERCLAIM

### (Negligent Misrepresentation against O&N and ROES 1-100)

83.     LEE incorporates by reference paragraphs 56-82, inclusive, as though fully set forth herein.

84.     When O&N, through ORD, made these representations concerning the applicability of collateral estoppel to the DISPUTED INCOME it had no reasonable ground for believing that the representations were true because the 2004 and 2005 payments from CHEN could not be brought within a court's jurisdiction.  O&N knew that the only way that the 2004 and 2005 payments from CHEN could be brought within a court's jurisdiction would be through either: (1) filing a timely petition for redetermination in response to the NOTICE of DEFICIENCY; (2) filing for bankruptcy; or (3) paying the ADDITIONAL TAXES and CIVIL FRAUD PENALTIES and filing a claim of refund.

85.     O&N knew that LEE had not filed a timely petition for redetermination regarding the NOTICE OF DEFICIENCY pursuant to O&N's counsel.  O&N also knew that in July 2010 LEE had orally told ORD by telephone that LEE could not pay the ADDITIONAL TAXES and CIVIL FRAUD PENALTIES in order to file a claim of refund and was unwilling to file for bankruptcy. O&N therefore knew that it could not bring the 2004 and 2005 payments from CHEN within a court's jurisdiction and apply collateral estoppel to the DISPUTED INCOME.

86.     O&N made the representations with the intent to induce LEE to retain O&N to perform legal services because O&N, through ORD, told LEE that if LEE paid O&N to file a legal action, LEE would be able to abate the ADDITIONAL TAXES and CIVIL FRAUD PENALTIES through collateral estoppel without first paying the ADDITIONAL TAXES and CIVIL FRAUD PENALTIES or filing for bankruptcy.

///

///

FURUKAWA CASTLES LLP
800 AIRPORT BLVD. STE. 504
BURLINGAME, CA 94010
415-510-2222
WWW.FURULAW.COM

-15-

1    87.    LEE is not a tax lawyer and did not become aware of O&N's misrepresentation until

2  approximately March 2020 when LEE learned that the IRS' assessment of LEE's tax years 2004

3  and 2005 was final and could not be barred under collateral estoppel related to the REFUND

4  ACTION.

5    88.    As a result of the negligent misrepresentations described above, LEE has been damaged in

6  the sum of approximately $300,508.44 which is the amount LEE paid O&N for its work under the

7  May 6, 2011 attorney-client fee agreement.

8                                  **THIRD COUNTERCLAIM**

9              **(Breach of Contract against O&N and ROES 1 through 100)**

10    89.    LEE incorporates by reference paragraphs 56-88, inclusive, as though fully set forth

11  herein.

12    90.    On or about July 6, 2007, LEE and O&N entered into an oral and written agreement

13  according to the terms of which O&N agreed, in exchange for valuable consideration, to perform

14  legal services for LEE in a manner consistent with the fiduciary relationship of attorney and client

15  and in a manner consistent with the standard of practice ordinarily followed by other attorneys in

16  good standing.  A copy of the contract is attached, marked as Exhibit A, and incorporated by

17  reference.

18    91.    On or about May 6, 2011, LEE and O&N entered into an oral and written agreement

19  according to the terms of which O&N agreed, in exchange for valuable consideration, to perform

20  legal services for LEE in a manner consistent with the fiduciary relationship of attorney and client

21  and in a manner consistent with the standard of practice ordinarily followed by other attorneys in

22  good standing.  A copy of the contract is attached, marked Exhibit B, and incorporated by

23  reference.

24    92.    Paragraph 5 of the contracts attached hereto as Exhibits A and B provides that "if it is

25  necessary for us to institute legal proceedings for the collection of any sums from you under this

26  agreement, you agree to pay reasonable attorneys' fees and costs of collection, including all

27  reasonably related expert witness and/or consultant fees.  You further agree that any legal fees and

28

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FURULAW.COM

-16-

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S
DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

1  costs, including expert witness and/or consultant fees, required to collect any judgment will be

2  included in this legal fee clause, and you agree to waive any case precedent, statute or treaty to the

3  contrary.  This same waiver applies to any expert witness and/or consultant."

4  93.       Under Section 1717 of the California Civil Code in any action on a contract, where the

5  contract specifically provides that attorney's fees and costs, which are incurred to enforce that

6  contract, shall be awarded either to one of the parties or to the prevailing party, then the party who

7  is determined to be the party prevailing on the contract, whether he or she is the party specified in

8  the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

9  94.       LEE has at all times performed the terms of the July 6, 2007 attorney-client fee agreement

10  in the manner specified in the agreement and has paid O&N in full for its services.

11  95.       LEE is excused from performing under the May 6, 2011 attorney-client fee agreement

12  because O&N materially breached the agreement as described below.

13  96.       Throughout the representation, in accordance with the May 6, 2011 attorney-client fee

14  agreement and in reliance on O&N's undertaking to properly represent LEE, LEE paid O&N's

15  attorney's fees in the amount of $300,508.44.

16  97.       O&N failed to perform under the agreements in the following ways: (1) O&N incorrectly

17  advised LEE that collateral estoppel could be applied to the DISPUTED INCOME; (2) O&N

18  failed to perform its work in a time efficient a manner as a competent lawyer with O&N's

19  knowledge and experience would; (3) O&N performed unnecessary work; and (4) O&N

20  performed work without LEE's authorization.

21  98.       O&N should have known that collateral estoppel could not be applied to the DISPUTED

22  INCOME because the attorney managing the instant matter for O&N, ORD, had over forty (40)

23  years' experience and is a certified specialist in tax law.

24  99.       O&N's failure to perform its obligations under the contracts has damaged LEE in the

25  following ways: (1) because O&N, through ORD, incorrectly advised LEE regarding the

26  applicability of collateral estoppel to the DISPUTED INCOME, LEE paid O&N $300,508.44 in

27  avoidable legal fees to initiate an action in order to obtain a court judgment declaring the 2006

28

FURUKAWA CASTLES LLP
800 AIRPORT BVLD.  STE. 504
BURLINGAME CA 94010
415-510-2322
WWW.FURULAW.COM

-17-

payment from CHEN a gift, i.e. the REFUND ACTION; (2) because O&N failed to perform its work in a time efficient manner and engaged in unnecessary work, LEE overpaid O&N for the legal services performed in the REFUND ACTION; and (3) because O&N failed to obtain LEE's consent for work it performed in the REFUND ACTION, LEE overpaid O&N for the performed legal services.

100.    LEE is not a tax lawyer and did not become aware of O&N's breach of the contract until approximately March 2020 when LEE learned that the IRS' assessment of LEE's tax years 2004 and 2005 was final and could not be barred under collateral estoppel related to the REFUND ACTION.

101.    As a result of the failure of O&N to perform as required under the agreements, there has been a failure of consideration and breach of the contract, and LEE is therefore entitled to restitution of all sums paid to PLAINTIFF as attorney's fees and costs in the amount of $300,508.44.

## FOURTH COUNTERCLAIM

### (Breach of Fiduciary Duty against O&N and ROES 1 through 100)

102.    LEE incorporates by reference paragraphs 56-101, inclusive, as though fully set forth herein.

103.    Under California Rules of Professional Conduct, Rule 1.4(b), O&N owed LEE a duty to disclose all facts and circumstances necessary to enable LEE to make free and intelligent decisions regarding the subject matter of the representation.

104.    Under California Rules of Professional Conduct, Rule 1.1(a), O&N owed LEE a duty to not intentionally, recklessly, with gross negligence or repeatedly fail to perform legal services with competence.

105.    Under California Rules of Professional Conduct, Rule 1.7, O&N owed LEE a duty of absolute and complete fidelity.

///

///

FURUKAWA CASTLES LLP
800 AIRPORT BLVD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FUBULAW.COM

-18-

106.    O&N breached its duty to communicate with LEE because it failed to communicate to LEE that LEE had to either: (1) file for bankruptcy; or (2) pay the ADDITIONAL TAXES and CIVIL FRAUD PENALTIES and file a claim of refund before collateral estoppel could be applied to the DISPUTED INCOME.

107.    O&N breached its duty of competence because it incorrectly advised LEE regarding the applicability of collateral estoppel to the DISPUTED INCOME.

108.    O&N breached its duty of loyalty because it knew of the falsity of its representations concerning the applicability of collateral estoppel to the DISPUTED INCOME, and therefore, O&N took an antagonistic position to LEE's interests by misinforming LEE in order to induce LEE to retain O&N to perform legal services.

109.    O&N's breaches of its fiduciary duties to LEE caused LEE's damages because LEE was unaware of the inapplicability of collateral estoppel to the DISPUTED INCOME.  LEE reasonably believed and relied on O&N's legal expertise and would not have entered the May 6, 2011 attorney-client fee agreement and paid O&N for the work performed on the REFUND ACTION if LEE knew the truth.

110.    Prior to, and through the course of the REFUND ACTION, O&N, through ORD, continued to misrepresent to LEE, orally and in writing, that if the REFUND ACTION was successfully resolved in LEE's favor, the IRS' assessment of LEE's tax years 2004 and 2005 could be barred under collateral estoppel; however, O&N knew that this representation was false. LEE is not a tax lawyer and did not become aware of O&N's misrepresentation until approximately March 2020 when LEE learned that the IRS' assessment of LEE's tax years 2004 and 2005 was final and could not be barred under collateral estoppel related to the REFUND ACTION.

111.    As a result of O&N's Breach of Fiduciary Duty, LEE has suffered economic detriment and damage in the amount of $300,508.44.

///

///

FURUKAWA CASTLES LLP
800 AIRPORT BLVD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FUBULAW.COM

-19-

## **FIFTH COUNTERCLAIM**

### **(Legal Malpractice against O&N and ROES 1 through 100)**

112.     LEE incorporates by reference paragraphs 56-111, inclusive, as though fully set forth herein.

113.     O&N failed to use reasonable skill and care in the representation of LEE because O&N incorrectly advised LEE regarding the applicability of collateral estoppel to the DISPUTED INCOME.

114.     O&N's negligence and carelessness caused LEE's damages because LEE was unaware of the inapplicability of collateral estoppel to the DISPUTED INCOME. LEE reasonably believed and relied on O&N's legal expertise and would not have entered the May 6, 2011 attorney-client fee agreement and paid O&N for the work performed on the REFUND ACTION if LEE knew the truth.

115.     Prior to, and through the course of the REFUND ACTION, O&N, through ORD, continued to misrepresent to LEE, orally and in writing, that if the REFUND ACTION was successfully resolved in LEE's favor, the IRS' assessment of LEE's tax years 2004 and 2005 could be barred under collateral estoppel; however, O&N knew that this representation was false. LEE is not a tax lawyer and did not become aware of O&N's misrepresentation until approximately March 2020 when LEE learned that the IRS' assessment of LEE's tax years 2004 and 2005 was final and could not be barred under collateral estoppel related to the REFUND ACTION.

116.     As a direct and proximate result of the negligence and carelessness of O&N as set forth above, LEE has suffered economic detriment and damage in the amount of $300,508.44.

WHEREFORE, LEE prays for judgment in its favor as follows:

### **PRAYER**

1.   That O&N's COMPLAINT be dismissed on the merits;

2.   That O&N take nothing by way of the COMPLAINT;

3.   That LEE be awarded damages in the amount of $300,508.44;

-20-

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S
DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

FURUKAWA CASTLES LLP
800 AIRPORT BLVD., STE. 504
BURLINGAME CA 94010
415-510-2322
WWW.FUBULAW.COM

4.  That LEE be awarded interest on the sum of $300,508.44 according to law;

5.  That LEE be awarded LEE's costs, disbursements, and expenses incurred herein, including reasonable attorneys' fees, to the extent permitted by contract and/or statute;

6.  For such other and further relief as this Court finds just and proper; and

7.  As to the First and Fourth Counterclaims, that LEE be awarded exemplary damages in an amount determined by the Court to be reasonable under the circumstances of the case.

Dated:                                      FURUKAWA CASTLES LLP


                                            By:  _____
                                                 BRUCE N. FURUKAWA
                                                 BRENT F. BASILICO
                                                 Attorneys for Defendant and Counter-Plaintiff
                                                 THEODORE FREDERICK LEE


### DEMAND FOR BENCH TRIAL

LEE herby demands a bench trial on all claims for which a bench trial is permitted.

Dated:                                      FURUKAWA CASTLES LLP


                                            By:  _____
                                                 BRUCE N. FURUKAWA
                                                 BRENT F. BASILICO
                                                 Attorneys for Defendant and Counter-Plaintiff
                                                 THEODORE FREDERICK LEE


### VERIFICATION

I, Theodore Frederick Lee, declare under the penalty of perjury under the laws of the United States that the foregoing answer and counterclaims are true based upon my knowledge or upon my information and belief.

Dated: _____        _____
                                       Theodore Frederick Lee

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FUBULAW.COM

-21-

THIRD *AMENDED* ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEFENDANT'S
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT; AND DEFENDANT'S
DEMAND FOR COURT TRIAL
Case No.: 3:19-cv-02322-RS

1    I hereby attest that I have on file all holographic signatures corresponding to any signatures

2    indicated by a conformed signature "/s/" within this e-filed document, or that approval has been

3    granted to place the "/s/" on this document and file it with the Court.

4    Dated:                                    FURUKAWA CASTLES LLP

5

6                                             By: _____

7                                                  BRUCE N. FURUKAWA
                                                    BRENT F. BASILICO
8                                                  Attorneys for and Defendant and Counter-
                                                    Plaintiff THEODORE FREDERICK LEE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-22-
28

FURUKAWA CASTLES LLP
800 AIRPORT BVLD. STE. 504
BURLINGAME CA 94010
415-510-2222
WWW.FUBULAW.COM